UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT COLYER,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )          Case No. 4:22CV193 JCH
                                        )
LEADEC CORP.,                           )
                                        )
        Defendant.                      )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, filed March 16, 2022. (ECF No. 14).  The motion is fully briefed and ready for disposition.

On or about January 13, 2022, Plaintiff Robert Colyer filed his Petition against Defendant Leadec Corp. in Missouri state court, alleging discrimination for exercise of workers' compensation rights under Mo. Rev. Stat. § 287.780 (Count I); race discrimination under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-2 (Count II); retaliation under Title VII, 42 U.S.C. § 2000e, *et seq.* (Count III); age discrimination under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et seq.* (Count IV); race discrimination under 42 U.S.C. § 1981 (Count V); and retaliation under 42 U.S.C. § 1981 (Count VI).  (ECF No. 5).

Defendant removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  (ECF No. 1).  In its Notice of Removal, Defendant maintains the Court has original federal question jurisdiction over Counts II-VI. Defendant acknowledges that Plaintiff's state-law workers' compensation discrimination claim is

a nonremovable claim under 28 U.S.C. § 1445(c).

As noted above, Plaintiff filed the instant Motion to Remand on March 16, 2022, asking that the Court remand the entire case to Missouri state court because the Missouri workers' compensation claim is nonremovable under 28 U.S.C. § 1445(c).  Defendant responds that the Court should retain jurisdiction over Counts II-VI, sever Plaintiff's workers' compensation discrimination claim and remand it to state court pursuant to 28 U.S.C. 1441(c).

Federal law permits a defendant to remove a case filed in state court to federal court when the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's claims pursuant to Title VII, the ADEA and 42 U.S.C. § 1981 are clearly federal claims.  Related claims not within the federal court's original jurisdiction may still be heard in federal court, so long as the district court has supplemental jurisdiction over the claims.  See 28 U.S.C. § 1367(a).  Some state law claims are non-removable under 28 U.S.C. § 1445, however.

Under § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).  Plaintiff's workers' compensation discrimination claim arises under the workmen's compensation laws of Missouri within the meaning of § 1445(c), and thus is nonremovable.  *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1994) ("[A] civil action brought to enforce [a right of action within a state's workers' compensation laws] is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies.").

The presence of a non-removable claim, however, does not necessarily defeat removal.

2

In cases such as this, where there are claims over which the district court has jurisdiction pursuant to § 1331, in addition to a claim "made nonremovable by statute," the case still may be removed from state court "if the action would be removable without the inclusion of" the nonremovable claim.  § 1441(c).  Section 1441(c)(2) instructs that in such a case, the district court should sever from the action all non-removable claims and "remand the severed claims to the State court from which the action was removed."  § 1441(c)(2).  Therefore, the Court will sever and remand Plaintiff's nonremovable workers' compensation discrimination claim, Count I, pursuant to §§ 1441(c) and 1445(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 14) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's claim for Workers' Compensation Discrimination under the Missouri's Workers' Compensation Act (Count I) is severed from this case and **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed.  The Court retains jurisdiction over the remaining claims in this action.

Dated this 5th Day of May, 2022.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

3