UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT COLYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22CV193 JCH |
| | ) |
| LEADEC CORP., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Partial Dismissal (Counts III and IV), filed February 23, 2022. (ECF No. 8). By way of background, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 12, 2019. (ECF No. 5-2).[1] In his Charge of Discrimination, Plaintiff checked the boxes for discrimination based on race and retaliation; he did not check the box for age discrimination. Plaintiff indicated the discrimination at issue transpired between October 1, 2018, and May 15, 2019. As to the particulars of his charge, Plaintiff stated in part as follows: "I believe I have been discriminated against due to my race, Black, and terminated in retaliation for participating in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended." (ECF No. 5-2, P. 2).

---

[1] "When considering a motion to dismiss under Rule 12(b)(6), a court may consider material attached to the complaint and materials that are public records, do not contradict the complaint, or are necessarily embraced by the pleadings." *Hogsett v. Mercy Hospitals East Communities*, No. 4:18CV1907 AGF, 2019 WL 446876, at *3 (E.D. Mo. Feb. 5, 2019) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

- 1 -

Plaintiff received a Notice of Right to Sue letter from the EEOC, dated October 15, 2021. (ECF No. 5-1). He filed his Petition in the Circuit Court of St. Louis County, Missouri, on January 13, 2022, asserting claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, age discrimination under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621, *et seq.*, and race discrimination and retaliation under 42 U.S.C. § 1981. (ECF No. 5 (hereinafter "Complaint")).[2] Defendant removed the case to this Court on February 16, 2022, on the basis of federal question jurisdiction. (ECF No. 1). As stated above, Defendant filed the instant Motion for Partial Dismissal (Counts III and IV) on February 23, 2022. (ECF No. 8).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

---

2 Plaintiff originally included a claim for Workers' Compensation Discrimination under the Missouri Workers' Compensation Act. In a Memorandum and Order entered May 5, 2022, the Court severed the claim and remanded it to the Circuit Court of St. Louis County, Missouri. (ECF No. 22).

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## **DISCUSSION**

As noted above, in his Complaint Plaintiff asserts claims for race discrimination and retaliation under Title VII, age discrimination under the ADEA, and race discrimination and retaliation under 42 U.S.C. § 1981. (ECF No. 5). Defendant asserts Plaintiff may not pursue his Title VII retaliation claim or his age discrimination claim, as the charge he filed with the EEOC made no such claims.

Before a plaintiff may file a complaint in federal court alleging violations of the ADEA or Title VII, he must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC.[1] *Brown v. General Motors, LLC*, No. 4:20CV1760 RLW, 2022 WL 343415, at *2 (E.D. Mo. February 3, 2022). In *Parisi v. Boeing Co.*, 400 F.3d 583 (8th Cir. 2005), the Eighth Circuit elaborated upon the administrative exhaustion requirement as follows:

> The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation. The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his or] her employment-discrimination claim, along with allegations that are like or reasonably related to that claim, in federal court. Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made. The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the

---

[1] "Exhausting administrative remedies requires timely filing a charge with the EEOC and receiving a right to sue letter." *Wilkes v. Washington University School of Medicine*, No. 4:06CV1833 MLM, 2007 WL 1040929 at *2 (E.D. Mo. Apr. 3, 2007) (citation omitted).

administrative charge.

*Parisi*, 400 F.3d at 585 (internal quotation marks and citations omitted). "A plaintiff may not raise in federal court allegations outside the scope of the EEOC charge." *Hatton v. Accord Bldg. Services, L.L.C.*, No. 4:09CV1888 SNLJ, 2010 WL 2540117 at *1 (E.D. Mo. Jun. 16, 2010) (internal quotation marks and citation omitted).

Upon consideration, the Court agrees with Defendant that Plaintiff's claim of age discrimination must be dismissed, as it is not "reasonably related" to Plaintiff's original EEOC charge. *Brown*, 2022 WL 343415, at *2. Despite having the opportunity to do so, Plaintiff did not claim age discrimination in his EEOC charge; instead the charge lists only race and retaliation as bases for discrimination.[3] (*See* ECF No. 5-2, P. 1). Even liberally construing the charge, it cannot be said to encompass allegations of age discrimination. *See Brooks v. Midwest Heart Group*, 655 F.3d 796, 801 (8th Cir. 2011) (holding that even with all inferences drawn in favor of the plaintiff, her charge did not allege age discrimination, and thus the claim remained unexhausted and was properly dismissed). As such, the Court finds Plaintiff has failed to exhaust his administrative remedies with respect to his claim of age discrimination, and so the claim must be dismissed. *Id.*

With respect to his claim for retaliation under Title VII, however, as noted above Plaintiff checked the box for retaliation in his Charge of Discrimination. (*See* ECF No. 5-2, P. 1). He further stated in his narrative that he believed he had been terminated in retaliation for participating in protected activity, in violation of Title VII. (*Id.*, P. 2). Under these circumstances, the Court finds Plaintiff's retaliation claim falls within the scope of the EEOC investigation reasonably expected to result from the administrative charge, and so Defendant's

---

3 Plaintiff further did not mention age or age discrimination in his narrative.

Motion to Dismiss Count III of Plaintiff's Complaint must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Dismissal (Counts III and IV) (ECF No. 8) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Count IV of Plaintiff's Complaint is **DISMISSED**.

Dated this 9th Day of May, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE