UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT COLYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  4:22-cv-00193-AGF |
| | ) | |
| LEADEC CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action alleging race discrimination and retaliation is before the Court on Plaintiff Robert Coyler's motion to modify the scheduling order, enforce discovery, and for sanctions (ECF No. 60).  For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

Coyler's claims arise out of the termination of his employment in May 2019, by Defendant Leadec Corp.  Coyler alleges that he was an elected union representative at the manufacturing facility where he worked and that, in such capacity, he escalated employee grievances regarding racial discrimination at Leadec, including Leadec's termination of black managers in favor of white managers.  Coyler alleges that one such black manager, DeAngelo Presberry, was terminated due to Leadec's racially disparate application of its harassment policies.  Coyler alleges that, after Leadec terminated

1

Presberry, Leadec hired an independent investigator to investigate employee harassment complaints against Presberry and to also investigate complaints that Coyler and another employee intimidated or harassed Presberry's accusers.  Leadec terminated Coyler based on this investigation, and the decision to terminate Coyler was made by Leadec's human resources official, Cheryl Hertfelder.

Coyler propounded several discovery requests in December of 2022, several months after filing this lawsuit.  The parties thereafter engaged in multiple rounds of emails and telephone conferences regarding Leadec's objections to the discovery requests and Leadec's allegedly deficient document production, particularly with regard to emails and other correspondence regarding Coyler's termination, Coyler's charge of discrimination, and complaints by other employees regarding Coyler.

Following an unsuccessful mediation in March of 2023, the parties were due to complete depositions of Leadec's management team at the relevant time, including Hertfelder, Douglas Couch, Carole Franco, and Lee Pagano.  However, Leadec had not yet updated its document production to include the correspondence discussed above. Leadec also admitted that its original documents productions were completed simply by asking Pagano, Franco, and Couch (but not Hertfelder, who made the decision to terminate Coyler) to search their inboxes for variations of Coyler's name and to produce anything related to Coyler's termination.

Therefore, the parties again met and conferred regarding proposed search terms,

2

custodians, and date ranges for supplemental document production.  Although Leadec agreed to conduct certain additional searches, it refused to postpone the above-noted depositions until such supplemental production was made.  The parties then proceeded with the depositions.[1]

Under the current Case Management Order ("CMO"), the parties were to complete all discovery by May 5, 2023.  As that date approached, Leadec had not completed its supplemental document production, in part because it claimed that such search and production would be unduly burdensome, costly, and disproportionate to the needs of the case.  Accordingly, the parties met and conferred and, when they were unable to reach agreement, Coyler filed the instant motion.  Coyler filed this motion on the date discovery was due to close, May 5, 2023.

In his motion, Coyler requests that the Court modify the CMO to extend discovery by 60 days; order Leadec to produce all documents responsive to Coyler's proposed search terms; reopen the depositions of Couch, Franco, Hertfelder, and any other witness the documents reference; and order Leadec's counsel to refrain from obstructing depositions by instructing witnesses not to answer questions.  Coyler further seeks sanctions in the form of its costs and attorney's fees necessitated by the instant motion.  Leadec opposes the motion, arguing that Coyler's arguments regarding

---

[1] Coyler claims that Pagano's deposition was interrupted by technical issues and that Leadec's counsel also improperly instructed Pagano and Couch not to answer certain questions during their depositions on the basis of privilege and privacy.

3

Leadec's allegedly obstructive discovery practices are without merit, that Coyler's proposed search terms are too broad and unduly burdensome, that Coyler has not shown good cause to modify the CMO, and that sanctions are not warranted.

After Coyler filed his motion, Leadec conducted additional document searches based on the search terms proposed by Coyler but narrowed in some respects by Leadec. Coyler confirmed in his reply brief that Leadec thereafter claimed to have completed review of all documents responsive the search terms and produced an additional 143 documents, including emails regarding other employees accused of harassment and emails regarding harassment accusations against Coyler.

Notwithstanding the supplemental production, Coyler asserts that it is unclear what criteria Leadec used to select the additional documents it produced and that Leadec redacted and withheld documents without providing a privilege log. Further, Coyler asserts that the supplemental production only further demonstrates why he should be allowed to reopen the depositions of Leadec witnesses. Therefore, Coyler maintains that the Court should grant him an additional 60 days to complete discovery; order Leadec to produce the documents that it has withheld; reopen the depositions of Couch, Franco, Hertfelder, Pagano, and any other witnesses the documents reference; order Leadec's counsel to refrain from obstructing further depositions; and award Coyler the costs and attorney's fees necessitated by this motion.

While the motion was being briefed, Leadec also filed a motion for summary

judgment (ECF No. 67). Leadec filed the motion on June 5, 2023, which was the deadline for filing such motions under the current CMO. Coyler's response to the motion is currently due on July 3, 2023. The parties have not addressed how the instant motion impacts the summary judgment briefing.

## **DISCUSSION**

Upon careful consideration of the parties' arguments, the Federal Rules of Civil Procedure, and this Court's Local Rules, the Court will grant Coyler's motion in part and deny it in part.[2] As an initial matter, the Court notes that much of the parties' dispute could have been avoided had the parties engaged in early discussions regarding the scope and format of discovery, including any relevant custodians, topics, and sources of electronically stored information. Indeed, the Order Setting Rule 16 Conference issued early on in this case (ECF No. 26)[3] directed the parties to do just that. Further, the parties could and should have brought their discovery disputes to the Court's attention more promptly after they failed to reach accord.

Nevertheless, it appears from the record before the Court that both parties have contributed to the discovery failures in this case and that direction from this Court will

---

[2]    Although Coyler has requested oral argument, the Court does not believe that oral argument is necessary or that it would be efficient given the Court's schedule and the upcoming deadlines in this case.

[3]    The Order was issued by Judge Jean C. Hamilton before the case was transferred to the undersigned.

assist the parties in advancing any remaining discovery in the most efficient and expeditious manner as possible.

In short, the Court concludes that Coyler has demonstrated good cause to extend the discovery schedule in this case, particularly in light of Leadec's belated supplemental production,[4] and that Coyler is also entitled to additional information regarding Leadec's most recent supplemental production. Specifically, the Court will extend the deadline to complete discovery until August 18, 2023. The Court will also order Leadec to promptly produce an affidavit reciting in detail the manner and nature of the search(es) related to the supplemental production, including any search terms, custodians, and other parameters it imposed. The Court will also order Leadec to produce a privilege log related to any documents redacted or withheld.

The Court will then order the parties to meet and confer regarding any further document production requested by Coyler, the reopening of any depositions, and appropriate limits with respect to any such depositions. The Court expects the parties to approach these conferences in good faith with the goal of targeting any remaining discovery to the specific needs of the case, completing any such discovery promptly, and carefully tailoring any additional depositions in both time and scope to address only the supplemental discovery provided. The Court declines to impose any sanctions at

---

[4] Review of the search terms Leadec applied to the most recent production reveals that the production was indeed relevant and proportionate to the needs of the case.

this time.

Finally, the Court will order the parties to meet and confer regarding any appropriate amendment to the CMO, including with respect to the pending summary judgment motion and the trial setting, and to promptly file any appropriate motion to amend the CMO in this regard.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify the Scheduling Order, Enforce Discovery, and for Sanctions is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 60.

**IT IS FURTHER ORDERED** that Defendant shall, within **14 days** of the date of this Order, produce to Plaintiff an affidavit reciting in detail the manner and nature of the search(es) related to the supplemental production, including any search terms, custodians, and parameters it imposed; as well as a privilege log related to any documents redacted or withheld.

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer regarding any further document production requested by Plaintiff, the reopening of any depositions, and appropriate limits with respect to any such depositions. The parties shall file, by no later than **July 28, 2023**, a status report on the status of discovery and their efforts to resolve any remaining discovery disputes.

**IT IS FURTHER ORDERED** that the deadline to complete discovery shall be extended until **August 18, 2023**, and the parties shall meet and confer and promptly file any appropriate motion to further amend the Case Management Order, including with respect to the pending summary judgment motion and the trial setting. Except as amended herein, the Case Management Order shall remain in effect.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2023.