UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT COLYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00193-AGF |
| | ) | |
| LEADEC CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert Colyer filed this action alleging race discrimination and retaliation by his former employer, Leadec Corp. Leadec terminated Colyer following an outside investigation into Colyer's alleged harassment and intimation of Leadec employees, in violation of company and union rules.[1] Colyer alleges that Leadec's stated reasons for termination and its related investigation were pretext for race discrimination and retaliation for Colyer filing race-related union grievances.

Discovery in this case was initially set to close on May 5, 2023. However, the Court granted in part Colyer's motion to modify the scheduling order, by extending the period for period for discovery by more than three months, until August 18, 2023, to allow Colyer to conduct additional discovery. ECF No. 75. Specifically, the Court allowed time for the production of additional documents and to reopen any depositions justified by the further documents produced. *Id.*

---

[1] The investigation was conducted by an outside investigator referred to Leadec by its counsel in the current litigation, Ogletree Deakins PC.

In addition to extending discovery, the Court ordered Leadec to promptly produce both an affidavit reciting the manner and nature of the search(es) related to any supplemental discovery produced and a privilege log related to any documents redacted or withheld. *Id.* Colyer does not dispute that Leadec has complied with this Order.

Finally, the Court ordered the parties to meet and confer regarding any further document production requested by Colyer, the reopening of any depositions, and appropriate limits with respect to any such depositions. *Id.* The Court cautioned the parties to approach these conferences in good faith with the goal of targeting any remaining discovery to the specific needs of the case, completing any such discovery promptly, and carefully tailoring any additional depositions in both time and scope to address only the supplemental discovery provided. *Id.*

Following the above-noted extended discovery period, the matter is now before the Court on several additional discovery-related motions: (1) a motion to quash deposition subpoenas filed by third-party witnesses Amanda Meyer, Lytishia Jones, and Cheryl Sronce, who were involved in the outside investigation leading to Colyer's termination (ECF No. 80)[2]; (2) Leadec's motion to quash and/or for a protective order concerning both the above-noted deposition subpoenas and the subpoenas for production of documents served upon Meyer, Jones, and Sronce (ECF No. 83); and (3)

---

[2] Although the third-party subpoenas also requested the production of documents, the witnesses' motion only challenges the deposition notices, arguing that the subpoenas did not provide sufficient advance notice of the requested deposition dates.

2

Leadec's motion to quash and/or for a protective order quashing Colyer's Federal Rule of Civil Procedure 30(b)(6) notice of deposition of Leadec's corporate representative (ECF No. 85).[3]

Colyer has opposed the motions concerning the third-party subpoenas (ECF Nos. 80 & 83), but Colyer's has not filed any opposition to Leadec's motion to quash Colyer's Rule 30(b)(6) deposition notice (ECF No. 85), and the time to do so has passed.[4]

Upon careful consideration of the parties' arguments, the Federal Rules of Civil Procedure, and this Court's Local Rules, the Court will grant the motions to quash the third-party subpoenas for depositions, but the Court will deny Leadec's motion relating to these subpoenas to the extent the subpoenas seek the production of documents.

Colyer did not serve the third-party subpoenas until early August 2023, just two weeks before the close of the extended discovery period. Yet Leadec asserts (and Colyer does not dispute) that Colyer has known the identity of these witnesses and has

---

[3] Leadec has also moved to quash and/or for a protective order concerning Colyer's subpoena to depose Leadec's attorney in this case, Heidi Durr. ECF No. 81. However, the Court will wait to consider that motion, as it is closely related to Colyer's motion to disqualify Leadec's counsel (ECF No. 92), which is still being briefed.

[4] Rather than oppose each of the discovery motions, Colyer responded to the motions collectively as part of his brief in support of his separate motion to disqualify Leadec's counsel. In that brief, Colyer devoted a single paragraph to oppose the motions to quash the third-party subpoenas. But nowhere in the brief did Colyer address his Rule 30(b)(6) deposition notice or oppose Leadec's motion to quash that notice. *See* ECF No. 93 at 22-23.

had their written statements and summaries of their interviews since the time of Leadec's initial disclosures at the outset of this case. Colyer has not explained why he could not have sought depositions of these witnesses earlier. The Court will prohibit Colyer from burdening these non-parties with depositions at this late stage.

However, as the witnesses themselves do not challenge Colyer's request for production of documents, and as the document requests listed in the subpoenas appear to be narrowly tailored, the Court will deny Leadec's motion to quash or for a protective order related to the subpoenas for the production of documents only. To the extent the documents implicate any confidentiality concerns, the parties and witnesses shall promptly confer and attempt to reach agreement with respect to any measures necessary to protect confidentiality.

The Court will also grant Leadec's motion to quash or for a protective order related to Colyer's Rule 30(b)(6) deposition notice. Colyer has not explained why an additional corporate deposition is necessary or how that deposition will be narrowly tailored to avoid duplicating discovery already produced.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Amanda Meyer, Lytishia Jones and Cheryl Sronce to quash third-party deposition subpoenas, and Defendant's motion to quash and/or for protective order quashing Plaintiff's Fed. R. Civ. P. 30(b)(6) notice of deposition, are both **GRANTED**. ECF Nos. 80 & 85.

**IT IS FURTHER ORDERED** that Defendant's motion to quash and/or for a protective order concerning subpoenas and subpoenas *duces tecum* on Lytishia Jones, Amanda Meyer, and Cheryl Sronce is **GRANTED in part and DENIED in part**, as set forth above. ECF No. 83. The motion is **GRANTED** to the extent the subpoenas request depositions, but **DENIED** to the extent they request production of documents. The parties and witnesses shall promptly confer regarding the timing and manner of production pursuant to these subpoenas, as well as any necessary measures to protect confidentiality, if appropriate.

                                                 _____
                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2023.