UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT COLYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00193-AGF |
| | ) | |
| LEADEC CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's objections (ECF No. 129) to Defendant's bill of costs, taxed by the Clerk of Court on February 14, 2023, which the Court will treat as Plaintiff's motion to set aside the bill of costs. For the reasons set forth below, the motion will be denied.

## BACKGROUND

On January 8, 2024, the Court granted Defendant's motion for summary judgment and entered judgment in favor of Defendant and against Plaintiff. ECF Nos. 121, 122. On January 29, 2024, Defendant timely filed its verified bill of costs, seeking a total of $6,836.27, consisting of the following costs: $402 for the fees of the Clerk, $6,180.86 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and $253.67 in fees for making copies necessarily obtained for use in the case.

Plaintiff objects that the Court should exercise its discretion to deny or reduce the award of costs based on Plaintiff's financial status. In support of this objection, Plaintiff

asserts that he worked for Defendant as a laborer for an hourly wage, that he supports a wife and four children, and that awarding costs in this employment discrimination case would chill individuals from bringing such lawsuits.  The only other basis on which Plaintiff objects to the bill of costs is by stating, without further explanation that: "Even if the Court does enter a cost award, the costs sought by [Defendant] are excessive. Under 28 U.S.C. § 1920(2), the Court 'may' tax as costs '[f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case.'"  ECF No. 129 at 3 (quoting and adding emphasis to § 1290(2)).  Defendant has responded to and opposed each of these objections.  ECF No. 130.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party."  Under Rule 54(d)(1), a "prevailing party is presumptively entitled to recover all of its costs."  *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (internal quotation omitted).  "[S]uch costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization."  *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)).  The party objecting to an award of costs "bears the burden of overcoming the presumption that [the prevailing party] is entitled to recover all costs allowed by § 1920."  *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

2

Upon careful consideration of the parties' arguments, the Court will deny Plaintiff's motion on the merits.  Although a losing party's indigency is a factor the Court may consider when determining whether to tax costs, "[t]he burden is on the losing party to show that [he] is unable, as a practical matter and as a matter of equity, to pay the defendant's costs."  *Bolderson v. City of Wentzville*, No. 4:13-CV-2223 (CEJ), 2016 WL 1449531, at *1 (E.D. Mo. Apr. 13, 2016) (quoting *Tuggles v. Leroy–Somer, Inc.,* 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted)).  Plaintiff has failed to satisfy that burden here.  He has provided no evidence of indigency, or even of his financial status, and the Court has no basis to evaluate his ability to pay.  *See, e.g.*, *Cramer v. Equifax Info. Servs., LLC*, No. 4:18-CV-1078-SEP, 2020 WL 887996, at *2 (E.D. Mo. Feb. 24, 2020) (rejecting such a financial hardship objection when the losing party failed to provide evidence of severe financial hardship); *see also In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. 2005) (affirming award of costs despite economic disparities between the parties).

The Court likewise rejects Plaintiff's argument that an award of costs would result in a chilling effect for these types of lawsuits.  Although Congress chose to create exceptions with respect to attorneys' fees, "Congress has not . . . carved out an exception to Rule 54(d) relieving a losing civil-rights [or employment discrimination] litigant of the burden of bearing the costs of litigation."  *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982).  "The rationale for this distinction is clear. Whereas the magnitude and unpredictability of attorney's fees would deter parties with meritorious claims from litigation, the costs of suit in the traditional sense are predictable and, compared to the

3

costs of attorneys' fees, small." *Id.* (citations omitted).  Plaintiff's argument based on a

chilling effect is therefore without merit.

Finally, the Court rejects Plaintiff's only specific objections to the costs awarded

here, namely, that the costs were excessive and that only costs for "printed **or**

electronically recorded transcripts necessarily obtained" are recoverable under § 1920(2).

ECF No. 129 at 3 (quoting and adding emphasis to § 1920(2)).  Although unclear, it

appears that by bolding the word "or," Plaintiff may be arguing that Defendant should not

be awarded costs for both printed and electronically recorded transcripts.  But as

Defendant notes, it does not seek costs for both, having obtained and sought

reimbursement for only one copy of each deposition transcript. [1]  Nor has Plaintiff

established that these costs were excessive.

For all of these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the bill of costs, which

the Court has treated as Plaintiff's motion to set aside costs, is **DENIED**.  ECF No. 129.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2024.

---

[1]     As Defendant further notes, even if it had sought costs for both printed and electronic copies of transcripts (which it did not), prevailing parties may recover both costs as long as each transcript was necessarily obtained.  *Stanley*, 784 F.3d at 467.  And Plaintiff has not argued or established that the transcripts Defendant obtained were unnecessary.